FILED
AUG 0 5 2010
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| Melissa Christy, | Case No.: 1:10 -cv- 0992 WTL -DML |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| National Credit Systems, Inc., | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a natural person who resided in Indianapolis, Indiana at all times relevant to this action.

3. Defendant is a Georgia corporation that maintained its principal place of business in Atlanta, Georgia at all times relevant to this action.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. As described below, Defendant attempted to collect from Plaintiff a "debt" as defined by 15 U.S.C. §1692a(5), which was allegedly incurred by Plaintiff prior to March 31, 2010 in connection with a residential apartment lease.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7.  On or around March 31, 2010, Plaintiff filed a voluntary petition for a Chapter 7 bankruptcy with the assistance of her attorneys at Macey & Aleman, P.C.

8.  On or around April 30, 2010, Defendant telephoned Plaintiff in connection with the collection of the debt.

9.  During this communication, Plaintiff notified Defendant that Plaintiff had filed bankruptcy and provided Defendant with Plaintiff's bankruptcy case number.

10. Evidence obtained through discovery will likely show that Defendant then confirmed that Plaintiff had a filed a petition for a chapter 7 bankruptcy on March 31, 2010.

11. Despite knowledge of Plaintiff's bankruptcy, Defendant continued its attempts to collect the debt from Plaintiff throughout May and June, 2010, including written correspondence and telephone calls to Plaintiff in which Defendant demanded payment of the debt

12. On or around June 3, 2010, Defendant telephoned Plaintiff in connection with the collection of the debt.

13. During this communication, Defendant falsely represented that it had the legal right to continue its efforts to collect the debt despite Plaintiff's bankruptcy filing.

14. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

15. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

16. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff in connection with the collection of the debt notwithstanding knowledge that Plaintiff was represented by an attorney.

## COUNT TWO

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

23. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

24. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:

Timothy J. Sostrin
233 S. Wacker
Sears Tower, Suite 5150
Chicago, IL 60606
Telephone: 1.866.339.1156
tjs@legalhelpers.com
Attorneys for Plaintiff

4